AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN    DISTRICT OF    NEW YORK

ERIN MOSHER

**SUMMONS IN A CIVIL CASE**

V.

COMCAST CORPORATION

CASE NUMBER:

**08 CIV 7345**

JUDGE SAND

TO: (Name and address of defendant)

Comcast Corporation
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Ronald P. Mysliwiec, Esq.
The Law Offices of Ronald P. Mysliwiec
1740 Broadway, 22nd Fl.
New York, NY 10019

an answer to the complaint which is herewith served upon you, within ____30____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

AUG 19 2008

CLERK                                     DATE

_Jessica Doss_

(BY) DEPUTY CLERK

LAW OFFICES OF RONALD P. MYSLIWIEC
Ronald P. Mysliwiec (RM-8926)
Suite 2200
1740 Broadway
New York, New York 10012
(212) 245-2202
*Attorneys for Plaintiff Erin Mosher*

JUDGE SAND

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -
ERIN MOSHER,

        Plaintiff,

    -against-

COMCAST CORPORATION,

        Defendant.
- - - - - - - - - - - - - - - - - -x

'08 CIV 7345

Index No.

**COMPLAINT**

**[JURY TRAIL DEDEMANDED]**

    Plaintiff Erin Mosher, by and through her attorneys The Law Offices of Ronald P. Mysliwiec, for her complaint against defendant Comcast Corporation, alleges as follows:

**NATURE OF ACTION**

    1.  Plaintiff Erin Mosher is a professional actress in the business of, among other things, appearing in television commercials. Ms. Mosher was selected for and filmed a television advertisement for Woolite in March 2005 and was paid for her services in that connection. On a date beginning at a time as yet unknown to plaintiff, defendant Comcast Corporation misappropriated plaintiff's image from the 2005 Woolite

-1-

television commercial, without plaintiff's knowledge, permission or consent, and incorporated that image into its own television commercial for defendant's cable television services.

## THE PARTIES

2. Plaintiff Erin Mosher is a citizen of the State of New Jersey and resides therein.

3. Defendant Comcast Corporation ("Comcast") is, upon information and belief, the largest television cable operator in the United States. As of December 31, 2007, its cable systems served approximately 24.1 million video subscribers and "passed" approximately 48.5 million homes in 39 states and the District of Columbia. Comcast is a Pennsylvania corporation with its principal place of business at One Comcast Center, Philadelphia, Pennsylvania. Defendant Comcast Corporation does business in the State of New York, is actively registered to do so, and registered to do business initially with the New York Department of State in New York County on December 20, 2002.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action of pursuant to 28 U.S.C. 1332(a) in that there is complete diversity of citizenship because plaintiff and defendant reside in different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.   Venue is proper in this district pursuant to 28 U.S.C. 1391 in that a substantial part of the events giving rise to plaintiff's claim occurred in this district and defendant is subject to personal jurisdiction in this district.

**FACTUAL BACKGROUND**

6.   Plaintiff Erin Mosher is a professional actress who makes her living, among other things, by appearing as a Principal Performer in television commercials.  Her compensation for such appearances, if not separately negotiated, is set by a contract between the Screen Actor's Guild ("SAG") and the producers of television commercials.

7.   The SAG contract, among other things, recognizes the right of Principal Performers in a television commercial, like Ms. Mosher, to be compensated separately and cumulatively for, among other things: (a) on camera Session Fees; (b) television Program Use; (c) Wild Spots; (d) Cable Transmission; and (e) Internet Use.  Plaintiff makes her living by receiving these fees.

8.   Plaintiff filmed the Woolite commercial at issue herein on March 9, 2005, and March 10, 2005.  The Woolite commercial was first aired on April 18, 2005.  The last date for which use of the Woolite commercial was permitted by the producer of that commercial was December 8, 2006.  Plaintiff was paid from the advertising agency engaged by Woolite to

-3-

produce the commercial at or shortly after she earned the applicable fees.

9. On or about February 19, 2008, plaintiff Erin Mosher became aware that Comcast was misappropriating and using the 2005 Woolite television commercial in which she had been a Principal Performer. A shortened or "clipped" version of her 2005 Woolite performance was part of a 30-second compilation of performance clips which Comcast had collected for use in promoting and advertising its own cable services. Upon information and belief all of the other clips comprising that compilation were of television programs which had been broadcast by Comcast over its television cable system. Ms. Mosher's Woolite performance was the only television commercial used in the 30-second compilation.

10. Ms. Mosher does not know when Comcast began using this clip-compilation television advertisement. Moreover, she does not know how many times it was played by or at the behest of defendant Comcast or in what markets or in what media. Such information is, obviously, in the exclusive possession of defendant, its agents, and representatives. Ms. Mosher does know that Comcast's commercial was broadcast, by Comcast, in connection with programs broadcast by all the major television networks (CBS, NBC, ABC, FOX and CW), including Fox's broadcast of the enormously popular program "American Idol".

11. Upon information and belief defendant's use of Ms. Mosher's image was repeated thousands of times over all or some of Comcast's cable systems across the United States.

12. At no time did defendant seek Ms. Mosher's permission or consent --or receive either-- for its commercial use of her image.

## CLAIM 1
## MISAPPROPRIATION OF PLAINTIFF'S COMMOM LAW RIGHT OF PUBLICITY

13. Plaintiff repeats and realleges all of the allegations set forth in paragraphs 1-12 above.

14. Wherever else defendant misappropriated plaintiff's image and infringed upon her right of publicity, defendant did so in New Jersey and published her image there numerous times for its commercial purposes all as alleged above.

15. As a resident and domiciliary of the State of New Jersey plaintiff's rights and interests in her personality are governed by the law of that state. New Jersey recognizes an uncodified, common-law right of publicity. See, e.g., Tellado v. Time-Life Books, Inc., 643 F. Supp. 904 (D.N.J. 1986; Bisbee v. John C. Conover Agency, Inc., 186 N.J. Super. 335, 452 A. 2d 689 (App. Div. 1982; and Canessa v. J.I. Kislak, Inc., 97 N.J. Super. 327, 235 A. 2d 62 (1967).

16. Defendant misappropriated plaintiff's image for a predominately commercial purpose without her permission or consent.

-5-

17. The fact that plaintiff had previously consented to the use of that same image for a materially different time, extent or duration does not constitute a waiver or consent by her for its use by defendant as described above.

18. Defendant's misappropriation of plaintiff's image without her permission or consent was for the benefit of defendant and to the detriment of plaintiff. Defendant's misappropriation of plaintiff's image damaged plaintiff in an amount to be determined at trial but believed to be in excess of $1,000,000.

**WHEREFORE**, plaintiff Erin Mosher demands entry of a judgment of money damages in her favor and against defendant Comcast Corporation in an amount of $1,000,000 in compensatory damages, plus attorneys fees and costs and for such further and other relief as this Court may deem just and proper.

Dated:   New York, New York
         August 19, 2008

LAW OFFICES OF RONALD P. MYSLIWIEC

Ronald P. Mysliwiec (RM-8926)
1740 Broadway, 22nd Floor
New York, New York 10019
(212) 245-2202
(212) 245-8683